UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RUDOLPH MCQUILKIN,

                          Plaintiff,

    -v.-                                                         9:08-CV-0975
                                                                   (TJM)(DEP)

CENTRAL NEW YORK PSYCHIATRIC CENTER,
*et al.*,

                          Defendants.

---

APPEARANCES:                                      OF COUNSEL:

RUDOLPH McQUILKIN
95-R-2515
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929
Plaintiff *pro se*

HON. ANDREW M. CUOMO                 STEVEN H. SCHWARTZ, Esq.
New York State Attorney General         Assistant Attorney General
The Capitol
Albany, NY 12224
Attorney for Defendants

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

      Plaintiff Rudolph McQuilkin commenced this action claiming that he is being forced to take various psychiatric medications, in part in retaliation for exercising his constitutional right to petition the court.  Dkt. No. 1.  Presently before the Court is Plaintiff's motion for a temporary restraining order.  Dkt. No. 26.  Plaintiff seeks an Order of the Court enjoining "Dr. Gillani, Clinton Correctional Facility Psychiatric Department and Central New York Psychiatric Center from forcing plaintiff to take psychiatric drugs" during the pendency of this action.  Dkt. No. 26 at 2.

Defendants oppose Plaintiff's motion for a temporary restraining order because he has not established that he will be irreparably harmed if the medication is continued. Dkt. No. 32. Plaintiff has submitted a reply claiming that he has been coerced into taking psychiatric medication in retaliation "for having filed a lawsuit last year" and he is "constantly shaking with tremors." Dkt. No. 33 at 4. Plaintiff also claims that "there is a plot by the psychiatric department to harm [him] with the forced medication" and to convince Plaintiff that he is guilty of a crime that he did not commit. *Id*. at 7.

A preliminary injunction is an "extraordinary remedy that should not be granted as a routine matter." *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986). In most cases, to warrant the issuance of a preliminary injunction, a movant must show (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits, and a balance of hardships tipping decidedly in favor of the moving party. *D.D. ex rel. V.D. v. New York City Bd. of Educ.*, 465 F.3d 503, 510 (2d Cir. 2006) (quotation omitted). "The purpose of issuing a preliminary injunction is to 'preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the ... merits.'" *Candelaria v. Baker*, No. 00-CV-0912E, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (quoting *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir.1994) (per curiam)).

When, however, the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the standard is higher. *Id*. "[I]n addition to demonstrating irreparable harm, '"[t]he moving party must make a clear or substantial showing of a likelihood of success on the merits,' *Jolly v. Coughlin,* 76 F.3d 468, 473 (2d Cir. 1996) (internal quotations omitted), a standard especially appropriate when a preliminary injunction is sought against government.

*Mastrovincenzo v. City of New York*, 435 F.3d 78, 89 (2d Cir. 2006)." *D.D. ex rel. V.D.*, 465 F.3d at 510. The same standards govern consideration of an application for a temporary restraining order. *Perri v. Bloomberg*, No. 06-CV-403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008) (citing *Therrien v. Martin,* No. 3:07-cv-1285 (JCH), 2007 WL 3102181, at *5 (D.Conn. Oct. 19, 2007)).

"The Second Circuit has defined 'irreparable harm' as 'certain and imminent harm for which a monetary award does not adequately compensate,' noting that 'only harm shown to be non-compensable in terms of money damages provides the basis for awarding injunctive relief.'" *Perri*, 2008 WL 2944642, at * 2 (citing *Wisdom Import Sales Co., L.L.C. v. Labatt Brewing Co., Ltd.,* 339 F.3d 101, 113-14 (2d Cir.2003); *see also Kamerling v. Massanari,* 295 F.3d 206, 214 (2d Cir. 2002) ("To establish irreparable harm, a party seeking preliminary injunctive relief must show that there is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation." (internal quotation omitted)). Speculative, remote or future injury is not the province of injunctive relief. *Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983); *see also Hooks v. Howard*, No. 9:07-CV-0724, 2008 WL 2705371, at *2 (N.D.N.Y. Jul. 3, 2008)(citation omitted) ("Irreparable harm must be shown to be imminent, not remote or speculative, and the injury must be such that it cannot be fully remedied by monetary damages."). In the context of medical care claims, a "[p]laintiff must therefore show that he has a medical condition which is likely to become significantly worse without some definite course of treatment." *Garcia v. Arevalo,* No. 93 CIV. 8147*,* 1994 WL 383238, at *1 (S.D.N.Y. Jun. 27, 1994).

Plaintiff claims that if Defendants are allowed to continue medicating him against his will, he will suffer irreparable harm in the form of multiple side effects "leaving [him] dumbfounded and stupidfied [*sic*] besides being agitated and nervous with a big bloated stomach full of cellulosic

3

drugs that is known to have a long-lasting and sometimes permanent after effect that is detrimental to the human biological system." Dkt. No. 26.  Plaintiff has however provided no medical documentation to support his claim that he is suffering serious side effects from the medication that he is receiving or that his condition will become significantly worse unless Defendants stop administering the psychiatric medications to him.  On the other hand, Defendants have submitted an affidavit from Joanne Waldron, Unit Chief of the Office of Mental Health Satellite Unit at Clinton Correctional Facility which indicates that Plaintiff's mental state will deteriorate unless he receives Haldol on a regular basis.  Dkt. No. 32-2.  Waldron states that Plaintiff "has been diagnosed with schizophrenia, paranoid type.  Symptoms of paranoid schizophrenia may include delusions, hallucinations, disorganized speech ... grossly disorganized or catatonic behavior...." *Id*. at 2.  Individuals with paranoid schizophrenia may also "suffer from feelings of being persecuted or plotted against ... The most commons symptoms are delusions, auditory hallucination, and disorganized thinking." *Id*. at 3.  Plaintiff receives Haldol once a month for his condition; when he is off of the medication, "he is symptomatic (i.e. evidences paranoia, carries weapons, exhibits poor insight and judgment, is guarded and suspicious, etc.)". *Id.* Up until January 4, 2009, he was placed on Court Ordered Psychiatric Medication (COPM). *Id*. Dr. Gillani had intended to seek renewal of the COPM, however, Plaintiff subsequently agreed to be medicated "but has apparently now changed his mind." *Id*. Waldron states that is receiving Haldol for his own safety and the safety of others that he comes in contact with, and "the side effects appear far less adverse" than Plaintiff reports. *Id*. at 4.

      Plaintiff has not established that he will suffer irreparable harm if he continues to receive Haldol.  In fact, based upon the Waldron affidavit, it appears that Plaintiff is more likely to suffer

irreparable harm if the Haldol is discontinued.

Even if Plaintiff could establish irreparable harm, a party is not entitled to injunctive relief unless there is also proof of a likelihood of succeeding on the merits of a claim, or evidence that establishes sufficiently serious questions going to the merits of such a claim and a balance of hardships tipping decidedly toward the party seeking such relief. *See Covino v. Patrissi,* 967 F.2d 73, 77 (2d Cir. 1992). Plaintiff has submitted only his own affidavit in support of his request for a temporary restraining order. *See* Dkt. No. 26. Plaintiff has failed to submit **proof or evidence** which meets the standard for issuance of injunctive relief. Plaintiff's allegations, standing alone, are not sufficient to entitle him to preliminary injunctive relief. *See Ivy Mar Co. v. C.R. Seasons Ltd.,* 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Resources, Inc.,* 792 F. Supp. 924, 928 (S.D.N.Y.1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals.").

For the reasons set forth above, Plaintiff's request for a temporary restraining order is **denied**.

WHEREFORE, it is hereby

ORDERED, that Plaintiff's motion for a temporary restraining order (Dkt. No. 26) is **DENIED**, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

Dated: June 15, 2009

Thomas J. McAvoy
Senior, U.S. District Judge

5